UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH A. MURRAY,<br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br>    Defendant. | §<br>§<br>§<br>§   No. 3:14-CV-1809-M (BF)<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Plaintiff Joseph A. Murray's ("Murray") Motion to Remand [D.E. 8]. For the reasons stated below, the undersigned recommends that Murray's Motion to Remand [D.E. 8] be DENIED.

**BACKGROUND**

Plaintiff Joseph A. Murray ("Murray") is a former International Business Machines Corporation ("IBM") employee whose employment terminated on May 29, 2009. *See* Def.'s App. [D.E. 12 at 7]. Upon termination, Murray enrolled in the IBM Dental Plus Self +1 Plan through the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). *See id.* [D.E. 12 at 7]; Def.'s Summ. J. Br. [D.E. 11 at 1]. The monthly premium for this plan was $31.42. *See* Def.'s App. [D.E. 12 at 7]. On January 15, 2010, Murray's COBRA coverage was terminated effective December 1, 2009 for his failure to pay the required $31.42 monthly premium. *See id.* [D.E. 12 at 7]. On December 30, 2011, Murray filed his initial small claims petition with the Justice of the Peace, Precinct 2, Place 1 in Dallas County, Texas alleging that IBM cancelled his dental insurance in order to avoid paying his claim for insurance coverage. *See id.* [D.E. 12 at 33]. On January 29, 2014, Murray filed his

amended small claims petition. *See id.* [D.E. 12 at 42]. On May 16, 2014, IBM removed Murray's case to this Court based on federal question jurisdiction. *See* Notice of Removal [D.E. 1 at 2]. On December 11, 2014, Murray filed a motion seeking to remand his case to state court. *See* Pl.'s Mot. [D.E. 8 at 1]. On January 5, 2015, IBM filed its response arguing that Murray's Motion to Remand should be denied because his motion is untimely by 6 months and lacks merit. *See* Def.'s Resp. [D.E. 9 at 1-2].

## STANDARD OF REVIEW

A defendant may remove a state court action to federal district court if the district court has original jurisdiction over the case and Congress has not expressly prohibited removal. *See* 28 U.S.C. § 1441(a). A federal court's jurisdiction is limited, and federal courts generally may only hear cases involving a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "The removing party has the burden of proof on a motion to remand." *Highland Park Presbyterian Church, Inc. v. Grace Presbytery, Inc.*, No. 3:13-CV-3813-B, 2013 WL 5538716, at *1 (N.D. Tex. Oct. 7, 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Removal jurisdiction is subject to strict scrutiny because it "deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)). "Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Grace Presbytery, Inc.*, 2013 WL 5538716, at *1 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## ANALYSIS

IBM argues that Murray's Motion to Remand should be denied as untimely because under

Title 28, United States Code, Section 1447(c), a motion to remand on a ground other than lack of subject matter jurisdiction must be filed within 30 days of the notice of removal. *See* Def.'s Resp. [D.E. 9 at 1]. IBM further argues that Murray's motion does not allege that the Court lacks subject matter jurisdiction, but merely claims without support that the removal to federal court does not follow "normal court proceeding" and that the federal venue somehow interferes with his ability to present his case. *See id.* [D.E. 9 at 1]; Pl.'s Mot. [D.E. 8 at 2]. IBM argues that Murray's grounds for remand lack merit because his COBRA/Employee Retirement Income Security Act ("ERISA") claim is within the exclusive jurisdiction of the federal courts. *See id.* [D.E. 9 at 2].

In Murray's Motion to Remand, he seeks remand on the ground that his case presents issues in which state law predominates, including a number of questions that need to be addressed in state court. *See* Pl.'s Mot. [D.E. 8 at 1]. Murray's sole claim in his amended petition seeks damages for IBM's cancellation of his COBRA dental coverage. *See* Def.'s Ex. [D.E. 1-1 at 4]; Def.'s App. [D.E. 12 at 3-5]. Any continuation insurance coverage under COBRA is coverage under an ERISA plan. *See Christenson v. Mut. Life Ins. Co.*, 950 F. Supp. 179, 181 (N.D. Tex. 1996). Therefore, the Court has federal-question subject matter jurisdiction under ERISA. *See Paragon Office Servs., LLC. v. UnitedHealthcare Ins. Co., Inc.*, No. 3:11-CV-2205-D, 2013 WL 5477145, at *3 (N.D. Tex. Oct. 2, 2013). Because Plaintiff's claim is governed by federal law, Plaintiff's Motion to Remand should be DENIED.

**RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully recommends that the Court DENY Murray's Motion to Remand [D.E. 8].

**SO RECOMMENDED**, this 10th day of July, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).