UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH A. MURRAY,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:14-CV-1809-M (BF) |
| | § | |
| INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br>    Defendant. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendant International Business Machines Corporation's ("IBM") Motion for Summary Judgment [D.E. 10]. For the reasons stated below, the undersigned recommends that IBM's Motion for Summary Judgment [D.E. 10] be GRANTED.

**BACKGROUND**

Plaintiff Joseph A. Murray ("Murray") is a former IBM employee whose employment terminated on May 29, 2009. *See* Def.'s App. [D.E. 12 at 7]. Upon termination, Murray enrolled in the IBM Dental Plus Self +1 Plan through the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). *See id.* [D.E. 12 at 7]; Def.'s Br. [D.E. 11 at 1]. The monthly premium for this plan was $31.42. *See* Def.'s App. [D.E. 12 at 7]. On January 15, 2010, Murray's COBRA coverage was terminated effective December 1, 2009 for his failure to pay the required $31.42 monthly premium. *See id.* [D.E. 12 at 7]. On December 30, 2011, Murray filed his initial small claims petition with the Justice of the Peace, Precinct 2, Place 1 in Dallas County, Texas alleging that IBM cancelled his dental insurance in order to avoid paying his claim for insurance coverage. *See id.* [D.E. 12 at 33]. On January 29, 2014, Murray filed his amended small claims petition. *See id.* [D.E. 12 at 42]. On

May 16, 2014, IBM removed Murray's case to this Court based on federal question jurisdiction. *See* Notice of Removal [D.E. 1 at 2-3]. On April 10, 2015, IBM filed a summary judgment motion arguing that the Court should grant summary judgment because Murray's claim is time-barred, Murray failed to make a required premium payment, and because Murray failed to exhaust his administrative remedies. *See* Def.'s Br. [D.E. 11 at 4-6].

## STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). However, while courts liberally construe the pleadings of *pro se* litigants, courts are not obligated under Federal Rule of Civil Procedure 56 ("Rule 56") to search the record to find evidence supporting a party's opposition to a summary judgment motion. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M (BH), 2012 WL 2679496, at *3 (N.D. Tex. June 6, 2012) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Miller v.*

*Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

## ANALYSIS

COBRA includes amendments to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, designed to protect employees who lose their insurance coverage because of a "qualifying event" such as a job loss or reduced work hours. *See Christenson v. Mut. Life Ins. Co.*, 950 F. Supp. 179, 181 (N.D. Tex. 1996). COBRA was designed to allow terminated employees to continue their insurance coverage under the employer's ERISA plan until they could obtain new insurance. *See id.* COBRA allows employees "who would lose coverage under the plan [for specified reasons] to elect . . . continuation coverage under the plan." *See id.* (citing 29 U.S.C. § 1161). Any continuation insurance coverage under COBRA is coverage under an ERISA plan. *See id.* A claimant who is denied benefits under an ERISA plan must exhaust all administrative remedies afforded by the plan prior to filing suit for recovery of benefits. *See Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 256 (5th Cir. 2005) (citing *Hager v. NationsBank, N.A.*, 167 F.3d 245, 247 (5th Cir. 1999)).

IBM argues that while it is well-settled that plaintiffs suing for benefits under ERISA must exhaust available administrative remedies under their ERISA-governed plans before bringing suit in federal court, Murray failed to appeal IBM's cancellation of his coverage to the Plan Administrator. *See* Def.'s Br. [D.E. 11 at 6]. In support of its summary judgment motion, IBM points to the declaration of Heidi Kaufman, the IBM Plan Administrator which states that Murray never appealed his COBRA coverage termination in accordance with the applicable summary plan

3

description. *See* Def.'s App. [D.E. 12 at 7, 20-21]. Because IBM points to this evidence, the burden shifts to Murray to show that summary judgment is not proper. *See Duckett*, 950 F.2d at 276. However, Murray failed to file a response. Murray's status as a *pro se* litigant does not excuse him from filing a response. *See Bookman v. Shubzda*, 945 F. Supp. 999, 1004-05 (N.D. Tex. 1996) ("It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. . . . District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response."). Further, while the Court liberally construes filings made by *pro se* litigants, the Court is not obligated under Rule 56 to search the record for evidence supporting a party's opposition to a summary judgment motion. *See Franklin*, 2012 WL 2679496, at *3. Given that Murray failed to meet his summary judgment burden, IBM's summary judgment motion should be granted.[1]

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** IBM's Motion for Summary Judgment [D.E. 10].

**SO RECOMMENDED**, this 10th day of July, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

1. Because the undersigned finds that the Court should grant summary judgment based on IBM's failure to exhaust argument, the undersigned pretermits consideration of IBM's remaining grounds for summary judgment.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).