**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSEPH A. MURRAY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:14-CV-1809-M (BF)** |
| | § | |
| **INTERNATIONAL BUSINESS** | § | |
| **MACHINES CORPORATION,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Plaintiff Joseph A. Murray's ("Plaintiff") *pro se* Motion for Extension of Time [D.E. 19]. For the reasons stated below, the undersigned recommends that the motion [D.E. 19] be DENIED.

**DISCUSSION**

On August 4, 2015, the District Court entered its final judgment in this case. *See* J. [D.E. 17]. Pursuant to Federal Rule of Appellate Procedure ("Appellate Rule") 4(a)(1)(A), Plaintiff was required to file his notice of appeal within thirty days of the entry of the final judgment. Plaintiff's notice of appeal was therefore due by September 3, 2015. Instead of filing a notice of appeal, Plaintiff filed a motion for extension of time to file his notice of appeal with the Clerk of Court. *See* Mot. [D.E. 19 at 1]. This motion was dated and postmarked on September 3, 2015 and was filed by the Clerk of Court on September 9, 2015. *See id.* [D.E. 19 at 2-3]. The Deputy Clerk of the Fifth Circuit also sent the Clerk of Court a letter stating that Plaintiff erroneously sent a copy of his motion for extension of time to the Fifth Circuit on September 8, 2015. *See* Letter [D.E. 18-1].

The Fifth Circuit has held that a motion for extension of time to file an appeal, without more,

cannot be construed as a notice of appeal. *See Alamo Chem. Transp. Co. v. M/V Overseas Valdes*, 744 F.2d 22, 24 (5th Cir. 1984) ("We find that the mere request to the Court for an enlargement of time in which to file an appellate brief does not constitute the requisite notice of appeal required by Rule 3(c), Fed. R. App. P."). The Court therefore cannot construe Plaintiff's motion for extension of time as a notice of appeal. Appellate Rule 4(a)(5)(A) states that:

> [a] district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

FED. R. APP. P. 4(a)(5)(A)(i)-(ii). Plaintiff has complied with Appellate Rule 4(a)(5)(A)(i) by filing his motion to extend time within thirty days of the deadline for filing his notice of appeal. The time period within which Plaintiff should have filed his notice of appeal under Appellate Rule 4(a)(1)(A) expired on September 3, 2015, and Plaintiff's motion for extension of time was filed on September 9, 2015.

The Fifth Circuit has "held that appellants are entitled to make a 'good cause' showing only if a motion for extension of time is filed before the initial thirty-day appeal period expires," otherwise, a showing of "excusable neglect" is required. *Cowart v. Ingalls Shipbuilding*, No. 99-60034, 1999 WL 683819, at *1 (5th Cir. Aug.4, 1999) (citing *Allied Steel, Gen. Contractor v. City of Abilene*, 909 F.2d 139, 143 n.3 (5th Cir. 1990)). *See also* FED. R. CIV. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires; or on motion made after the time has expired if the party failed to act because of excusable neglect."); *Midwest Emp'rs Cas. Co. v. Williams*, 161 F.3d 877, 881 (5th Cir. 1998) (Garza, J., dissenting) ("When a party moves for more

time after the deadline for appealing has passed, it must show excusable neglect; good cause does not suffice." (citing *Allied Steel, Gen. Contractor*, 909 F.2d at 143 n.3; FED. R. APP. P. 4(a)(5) Advisory Committee Note (1979)). Therefore, because Plaintiff filed his motion for extension of time on September 9, 2015, after the original deadline for filing the notice of appeal expired on September 3, 2015, the Court must determine whether Plaintiff has shown excusable neglect.

The "excusable neglect" standard is "understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Cowart*, 1999 WL 683819, at *1 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993)).

> When evaluating excusable neglect under Rule 4(a)(5), [the Fifth Circuit] relies on the following standard: The determination is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . . , the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Stotter v. Univ. of Tex.*, 508 F.3d 812, 820 (5th Cir. 2007) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). The Fifth Circuit's "rule is that the excusable neglect standard is a strict one . . . requiring more than mere ignorance . . . ." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1982) (citing *Bryant v. Elliott*, 467 F.2d 1109 (5th Cir. 1972); *Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061, 1063 (5th Cir. 1979)). The Fifth Circuit has advised that "[c]ourts should sanction deviations from the letter of the rules only on the most compelling showing that the purposes of the rules are served." *Id.* (citing *In re Orbitec Corp.*, 520 F.2d 358, 362 (2d Cir. 1975)). Furthermore, the "burden of establishing excusable neglect is upon an appellant, even one proceeding *pro se*." *Id.* (citing *Craig v. Garrison*, 549 F.2d 306, 307 (4th Cir. 1977)). "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* (citing *Faretta v. California*,

422 U.S. 806, 834 n.46 (1975)). "The party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable." *Id.* (citing *Fase v. Seafarer's Welfare & Pension Plan*, 574 F.2d 72, 76 (2d Cir. 1978)).

Here, Plaintiff states that he seeks an extension of 60 days to file his notice of appeal so that he has time to file an application with the Dallas Bar Association Pro Bono Program for appointment of an attorney to represent him on his appeal. *See* Mot. [D.E. 19 at 1]. Plaintiff states in his motion that he seeks an extension of 60 days because the decision of the Dallas Bar Association may not be issued in time if the Court only grants an extension of 30 days.[1] *See id.* [D.E. 19 at 1]. Plaintiff does not explain why he could not have timely filed his notice of appeal while he was waiting for a response from the Dallas Bar Association regarding his request for pro bono counsel. As previously discussed, "the excusable neglect standard is a strict one" which requires "more than mere ignorance." *Estelle*, 660 F.2d at 593. In *Birl v. Estelle*, the *pro se* prisoner's notice of appeal was filed on April 10, 1980, 34 days after the judgment was entered on March 7, 1980. *Id.* at 592. The Fifth Circuit in *Estelle* determined that denial of the request for an extension of time to file the notice of appeal did not constitute an injustice because the record reflected that the *pro se* prisoner "received a copy of the judgment . . . in ample time to comply with the 30-day filing requirement," he was "an individual of at least ordinary intelligence who ha[d] access to a prison law library," and he was "not a stranger to the courthouse or to habeas corpus proceedings." *Id.* at 593. Therefore the Fifth Circuit in *Estelle* held that the district court ruled in error when it resolved the question of

1. Plaintiff states that he seeks an extension of 60 days from September 3, 2015, the date of his Motion for Extension of Time. *See* Mot. [D.E. 19 at 1]. While 60 days from September 3, 2015 is November 2, 2015, Plaintiff states in his motion that he seeks an extension until October 28, 2015 to file his appeal. *See id.* [D.E. 19 at 1].

excusable neglect in the appellant's favor because he was proceeding *pro se*, even though the district court stated that it was unaware of any excuse as to why the appellant had to file late. *Id.* at 592-93. Similarly, in the case at hand, (1) the record does not indicate, and Plaintiff does not contend, that he did not receive the judgment in time to comply with the 30-day filing requirement, (2) Plaintiff appears to be an individual of at least ordinary intelligence and did not have the additional restrictions of a prisoner as was the case in *Estelle*, and (3) Plaintiff is not a stranger to the courthouse, having gone through this litigation and the underlying state litigation. In consideration of the foregoing, Plaintiff's request for an extension of time to file his notice of appeal should be denied.

**RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully recommends that the District Court DENY Plaintiff's Motion for Extension of Time [D.E. 19].

**SO RECOMMENDED**, this 7TH day of October , 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).